KÖRBER & CO., INC., PLAINTIFF AND APPELLEE, v. COLÓN ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action of Debt.—Change of Venue.

No. 2732.—Decided June 9, 1922.

JURISDICTION—SUBMISSION—CHANGE OF VENUE.—When the debtor has expressly submitted himself to the jurisdiction of the court of the creditor's domicile he can not move for a change to the court of his own domicile. The agreement of submission is lawful and binding.

The facts are stated in the opinion.

Messrs. González Fagundo & González, Jr., for the appellants.

Mr. H. G. Molina for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiffs filed their complaint in the First District Court of San Juan. The defendants demurred and duly moved for a change of venue to the district court of their domicile, Humacao. The action is one to recover on several promissory notes in all of which the defendants expressly submitted themselves to the courts of San Juan. The motion for a change of venue was overruled and the defendants took the present appeal from that ruling.

In their brief the appellants admit that if we apply to this case the jurisprudence laid down by this court in the case of Gomez v. Toro, 23 P. R. R. 596, the order appealed from is well founded, but they maintain that the doctrine established in Gómez v. Toro, supra, is erroneous and should be reversed.

In support of that proposition the appellants filed a brief containing scarcely two pages of argument, with some citations and without any reasoning showing a serious consideration of the question involved.

The case of Gómez v. Toro, supra, has been cited with ap-

proval in several instances by this same court. See espe-
cially the case of *Mitjans* v. *Succession of Mitjans,* 26 P. R. R.
731. In the course of the opinion it was said:

"That waiver of venue is a legitimate subject of contract, as well
as a local custom of long standing sanctioned by public policy and
sustained by the uniform current of judicial decision, has been several
times decided by this court   *   *   *."

The appeal must be dismissed and the order appealed from

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf dissented.